Martin, J.
The plaintiff is appellant from a judgment sustaining the defendant’s exception. The petition charges the defendant with having illegally taken a hydraulic press and articles belonging thereto, the'plaintiff’s property, and prays for the restitution thereof, and for damages.
The defendant, as an exception to the suit, stated, that he had obtainéd a judgment against Ware, in the City Court of New Orleans, before Grivot, one of the Associate Justices thereof, under which a writ of fi. fa. was issued, which was levied on the hydraulic press and materials mentioned in the petition as the property of the then defendant, and that the present plaintiff filed an opposition to the sale, claiming the press and materials as his own, which opposition was set aside by the Judge from whose court the fi.fa. was issued, whose judgment, no appeal having been taken therefrom, forms a res judicata, and is a bar to the present suit. The exception also avers, that the costs of the said opposition have not been paid by the present plaintiff, the then opponent.
The Associate Judge did not give judgment on the merits of the opposition; but decreed only, that the costs should be paid by the opponent. This is merely a judgment of nonsuit which the Code of Practice says cannot be pleaded as res judicata, or in bar of another suit for the same cause of action, provided the plaintiff has shown that he has paid the costs of the first suit. This is, perhaps, a negative pregnant with an affirmative, to wit, that the judgment forms a res judicata, and can be pleaded in bar to another suit for the same cause of action, if the plaintiff do not show that he has paid the costs of the first suit.
In the case of Dicks et al. v. Cash et al. 8 Mart. N. S. 364, this court held, that the First Judge did not err in overruling the defendant’s plea of res judicata resulting from a judgment of nonsuit, on the ground that there was no averment that the plaintiff had not paid the costs of the first suit. In the present case, there is an averment that the costs of the opposition have *110 not been paid by the opponent. In the case of Perrillat v. Peuch, 2 La. 428, we held, that a judgment of nonsuit did not support the plea of res judicata ; but there was no averment as to the costs of the suit having been paid or unpaid.
In the case of Dicks v. Cash et al. this court considered, after a close examination of the French text of art. 536 of the Code of Practice, that the Legislature did not intend that the judgment of nonsuit should, in any case, support the the plea of res judicata ; but that even those cases where the costs of the action in which the judgment of nonsuit was rendered remain unpaid, should afford only a dilatory exception, to protect the defendant from being harassed by a second action, before the costs of the first were paid. We considered the reasoning resulting from the pregnancy of a negative with an affirmative dangerous, and that this argument, contrario sensu, though frequently a correct one in the interpretation of laws, is by no means always conclusive. We still persist in that opinion. The District Court, in our opinion, erred in sustaining the exception óf res judicata ; but we think, that the payment of the costs of the opposition was only a condition precedent to his filing a second opposition, and not to his instituting a suit in another court against the purchaser of the press at the sheriff’s sale, for the restitution of it, and for damages for its detention.
It is, therefore, ordered, that the judgment be annulled and reversed, and that the defendant’s exception be overruled, and the case remanded for further proceedings according to law ; the defendant and appellee paying the costs ,of the appeal.